SIEWING, Plaintiff in Error, v. TACKE, Defendant in Error.

**St. Louis Court of Appeals, May 2, 1905.**

**CONTRACTS: Consideration: Nudum Pactum.** An agreement to pay one liquidated debt is not sufficient consideration to sustain a release, by the creditor of another debt, liquidated or unliquidated.

Error to Cape Girardeau   Court of Common Pleas.— *Hon. John A. Snider,* Judge.

REVERSED.

*Wilson Cramer* for plaintiff in error.

It is fundamental that there must be a consideration to support a contract. Chenoweth v. Express Co., 93 Mo. App. 185.

*Edw. D. Hays* for defendant in error.

There was a controversy between Tacke and Antonette Zœllner as to Tacke's liability on the $600 note. Tacke agreed to pay the other two notes with the express understanding that he should thereby be relieved from all further liability on any of the notes. The conditions were agreed to and payment of the other two notes was made. That compromise amounted to an accord and satisfaction. The money paid could not be accepted and at the same time the terms rejected on which the money was paid. Baker v. Hunt, 88 Mo. 405; Coal Co. v. St. Louis, 145 Mo. 651, 47 S. W. 563; Hensen v. Stuever, 69 Mo. App. 136; Valle v. Picton, 16 Mo. App. 178.

BLAND, P. J. — On November 6, 1889, Ferdinand Zœllner and William H. Tacke executed their promissory note for six hundred dollars to Antonette Zœllner, due one day after date, with six per cent interest per annum. The interest on the note was paid to Nov. 6, 1893. Mrs. Zœllner, the payee, died testate in the year 1894, and by her will bequeathed small legacies to certain of her children and grandchildren, the residue of her estate being bequeathed to Mathilda Siewing, her daughter. Henry F. Siewing, the husband of Mathilda, was named as executor in the will of Mrs. Zœllner. He qualified as such and, on February 12, 1897, assigned the note to plaintiff, who brought suit thereon, alleging the foregoing facts, and that William H. Tacke and Ferdinand Zœllner executed the note for their joint benefit.

Omitting caption, the answer is as follows:

"For answer to plaintiff's petition, defendant states that he did, on the sixth day of November, 1889, sign the note sued on in this action, but that he signed said note as the surety for Ferdinand Zœllner, the maker thereof and without other consideration than to enable the said Ferdinand Zœllner to raise money therewith for his own use, and that the payee of said note had full knowledge and notice of said facts.

"That the payee of said note did, after the maturity of said note, for a valuable consideration, without the knowledge or assent of defendant, make an agreement with Ferdinand Zœllner, the maker of said note, whereby payee agreed to extend, and did extend, the time of payment of said note by said Ferdinand Zœllner for a period of one year, whereby this defendant became discharged from all liability on said note.

"That the payee of said note did from time to time, in each instance for a valuable consideration, without the knowledge or assent of the defendant extend the time of the payment of said note by said Ferdinand Zœllner up to the year 1893 and that defendant was thereby discharged from all liability on said note.

"That the payee of said note did on the —— day of September, 1894, for a valuable consideration, fully and finally discharge and release defendant from any and all liability on said note. .

"That all of said facts herein stated were well known to the plaintiff herein, Mathilda Siewing, at the time she became the owner of said note.

"That plaintiff herein did not acquire said note for a valuable consideration, but that she received said note as a legacy and without consideration under the will of the original payee of said note.

"That defendant has not at any time since the said —— day of September, 1894, recognized or acknowledged any liability on said note and has never paid or authorized any payment on said note in his name, and that any payments credited on said note in the name of this defendant are without his authority."

The reply was a general denial.

The trial was had to the court without a jury. The court found the issues for the defendant, and plaintiff appealed.

There is but slight evidence tending to prove that Tacke signed the note as surety. There is no evidence whatever tending to show that on the —— day of Sep-

tember, 1894, or on any other date, Mrs. Zœllner agreed with Ferdinand Zœllner to extend the time of payment of the note. The evidence is all one way that Ferdinand Zœllner paid the interest on the note November 6, 1893, and indorsed the payment on the back thereof with his own hand at the request of Mrs. Zœllner, who then held the note.

On the trial the defendant introduced Annie Zœllner as a witness, who testified as follows:

"Q. You knew Antonette Zœllner in her lifetime? A. Yes, sir.

"Q. You knew Wm. Tacke? A. Yes, sir.

"Q. Do you know of a note made by Wm. Tacke and Ferd Zœllner for $600 which was payable to Antonette Zœllner in 1889? A. Well, I don't know which year but I know they got the money.

"Q. You know they got the money? A. Yes, sir.

"Q. Now tell the court if you know of Mrs. Zœllner in her lifetime releasing Mr. Tacke from paying that note? A. She didn't say release, she said if he pay Mr. Zœllner $400 and her $150 that she would want to look to Ferd. for the other.

"Q. If he would pay—? A. Him $400 and her $150.

"Q. That she would look to Ferd. Zœllner on this $600 note? A. Yes, sir; that is all I know. . . .

"Q. Now from that conversation tell the court if you understood that she was to look to Zœllner and not to Tacke? A. The first he would not, he was mad, Mr. Tacke, and then we goes twice there and then he said, 'Well, grandma, I can't pay that all, that is not my debt, that is Ferd's,' and then she said, 'If you pay Gust $400 and me $150, then I want to look to Ferd.' That is all I know, that is what the old lady said.

"Q. Now Mrs. Zœllner, she was talking about this $600 note, was she? A. Yes, in the first she wanted that all, but he would not pay it and then she said if

he wanted to pay Gust, her son, and her $150 that she would look to Ferd. That is what she told him."

On cross-examination, witness testified as follows:

"Q. Now then you say if he would pay her $150 that he owed her and would pay the $400 he owed her son Gustave, is that it? A. Yes, sir, not the first time, the second time when we were there.

"Q. He was to pay the old lady $150 that he owed her? A. Yes, sir.

"Q. And was to pay $400 that he owed to her son, Gustave Zœllner? A. Yes, sir.

"Q. And you say the old lady said if he would pay these two debts that she would look to Ferd. Zœllner for the $600? A. Yes, sir, that is the truth."

Gustave Zœllner testified that Tacke paid him the note of four hundred dollars which he owed him, a few months before his mother's death, and that he also paid her the note of one hundred and fifty dollars; that neither his note of four hundred dollars nor the one for one hundred and fifty dollars paid to his mother by defendant had anything whatever to do with the note in suit, but were each the separate and individual notes of Tacke.

John Schulte testified that a few months before Mrs. Zœllner's death she said to him, that she would release William H. Tacke from the payment of the note signed by Ferdinand Zœllner and William H. Tacke for six hundred dollars if he would pay Gustave Zœllner four hundred dollars which he owed him and one hundred and fifty dollars which he owed her.

The motion of the defendant, concurred in by the trial court, that a debtor may be discharged from his obligation to pay one note, which he justly owes, by paying two other notes, which he likewise owes, is unique. It has always been the law, that to be binding and valid, a contract must be supported by a consideration. An agreement to pay one liquidated debt is not sufficient consideration to sustain a release by the creditor of an-

other liquidated or unliquidated debt. [Harrison Bros. v. Murray Iron Works Co., 96 Mo. App. 348, 70 S. W. 261.]

The contention of the defendant, adopted by the trial court, is tantamount to this: That defendant staked his real or supposed property against the fears of Mrs. Zœllner that she would lose both debts and her son his, unless she would agree to accept payment of the smaller debt, in consideration of releasing the larger one and that he won, *non libet.* The evidence adduced by the defendant, instead of tending to prove that Mrs. Zœllner, for a consideration, released him from his obligation to pay the note, shows that he justly owed the note and that his defense is a groundless one, wherefore it is considered that the judgment be reversed and the cause remanded, with directions to the trial court to enter judgment for plaintiff for the balance found to be due on the note. All concur.